JAMES MAPLES *vs.* JAMES MILLON AND OTHERS.

Trees and shrubs planted in a nursery for the temporary purpose of cultivation and growth until they shall become sufficiently mature to be fit for market, and to be then taken up and sold, pass by a mortgage of the land on which they are planted, so that the mortgagor or his assignees can not remove them as personal chattels.

BILL for a foreclosure and for an injunction against the removal of nursery trees and shrubs on the mortgaged premises. The respondents who made defense were the assignee in insolvency of the mortgagor and a principal creditor. The case was heard in the superior court before *Carpenter, J.*, who passed a decree for a foreclosure and for the injunction prayed for. The court found with regard to the trees and shrubs, that the mortgagor was, at the time of executing the mortgage, a nursery gardener, and so continued until the temporary injunction was issued; that the trees and shrubs were his stock in trade, and were planted by him on the mortgaged premises temporarily, for culture and growth until suitable for market, when they were to be removed and sold, and that they were not otherwise affixed to the freehold.

The respondents filed a motion in error and brought the record before this court for revision.

*Pratt* and *Lucas*, for the plaintiffs in error.

1. The title to the trees and shrubs did not pass to the mortgagee because such was not the intention of the parties. The case finds explicitly that the mortgagor placed them on the land for a temporary purpose only, intending to remove them as soon as that purpose was accomplished. The mortgagee made his contract with full knowledge of the facts, and this like any other contract must be construed in view of the circumstances of the case. To forbid the mortgagor to remove these articles would be to forbid him from carrying on the very trade which the mortgagee knew the mortgagor was to engage in. 1 Hilliard on Real Prop., chap. 1, § 81; Amos & Ferard on Fixtures, 225.

2. In the absence of express words conveying the trees and shrubs they would not pass with the freehold. They were personal chattels, and were not divested of that character by being temporarily attached to the freehold. In order to make personal chattels a part of the realty, they must be attached to the freehold for the permanent benefit of the freehold, and not for the temporary purpose of a more complete preservation or enjoyment of the chattel itself. If the chattel is annexed permanently for the benefit of the realty it will pass, if temporarily for the benefit of the chattel it will not pass. *Walmsley* v. *Milne*, 22 Am. Law Reporter, 630 ; Amos & Ferard on Fixtures, 207, 225 ; *Hill* v. *Wentworth*, 28 Verm., 428 ; *Teaff* v. *Hewitt*, 1 Ohio S. R., 511.

*Wait* and *Holbrook*, for defendant in error.

HINMAN, C. J. The question in this case is, whether trees and shrubs planted in a nursery garden for the temporary purpose of cultivation and growth until they should become sufficiently mature to be fit for market, and then intended to be taken up and sold, pass by a mortgage of the premises on which they are so planted, so that the mortgagor or his assignees can not remove them as personal chattels. As the question arises between the mortgagee and the assignee and creditors of the mortgagor, it is to be determined upon principles applicable to persons standing in the relation of mortgagor and mortgagee and not in the relation of landlord and tenant. As between landlord and tenant many things which pass under the general name of fixtures will, for the encouragement of trade, be permitted to be removed by the tenant during his term, which, as between heir and executor, vendor and vendee, or mortgagor and mortgagee, would be considered as parcel of the realty, and would therefore belong to the heir or vendee or mortgagee. And, as between landlord and tenant, it may be true of trees in a nursery garden, especially where land is let to a nursery gardener to be used for the purposes of his trade, that they would be treated as personal chattels, removable by the tenant during his term. But

admitting that this is so, it is an exception to the general rule. Trees and shrubs are generally as much a part of the realty as the soil itself, whether growing upon it naturally, or planted and cultivated by the hand of man. It is therefore incumbent upon the party claiming that they are personal chattels, which do not pass with the transfer of the land, to show that such was not the intention of the parties. How is this attempted to be done in this case? We have nothing but the simple circumstance that Millon the mortgagor was a nursery gardener, and that the trees and shrubs in question were his stock in trade. This, as we have intimated, might be important if the question arose between landlord and tenant, but its importance here we do not perceive. He owned the land on which he planted the trees. By placing them there for cultivation and growth they became *prima facie* parcel of the land itself. If he had sold and conveyed the land instead of mortgaging it, they would have passed to his vendee unless specially excepted out of the conveyance. This would be so even if it be admitted that they partake to some extent of the nature of emblements, since it is a general rule that where an estate is determined by the act of the tenant the emblements shall go to the owner of the soil. If this is so as between vendor and purchaser, then the only question is whether the same rule applies as between the mortgagor and mortgagee; and we are satisfied that it does. We can discover no reason for construing an absolute conveyance any differently from a mortgage, so far as the interest intended to be conveyed by them is concerned; and we are referred to no authority which sustains any such principle. On the contrary the authorities cited by the counsel for the respondents show that the current of decisions is the other way. And why should it not be so? The mortgagor must be presumed to have intended that every thing which passes by his deed should stand pledged for the security of his debt, and as he made no exceptions to the general words of the deed he must also be taken to have intended that every thing annexed to the realty, so as to become a part of it, should be held by the mortgagee, provided the debt was not paid.

We are therefore of opinion that there is no error in the decree complained of.

In this opinion the other judges concurred.

# SUPREME COURT OF ERRORS.

## TOLLAND COUNTY, NOVEMBER TERM, 1863.

### Present,

HINMAN, C. J., SANFORD, BUTLER AND DUTTON, Js.