DANIEL C. HALL & others *vs.* INHABITANTS OF BENTON.

Somerset.   Opinion April 19, 1879.

*Boom.   Tax.   Benton & Fairfield.*

The plaintiffs, residents of Fairfield, are owners of the Fairfield boom, on the
Kennebec river, erected by the Fairfield Boom Co. by virtue of its charter
granted in 1836, giving it power to take land for its charter purposes, pay-
ing damages therefor, and the right to use the shores on either side of the
river for the management of its business, paying a reasonable rent therefor.
The boom consists of a line of permanent piers across the river with logs
attached thereto and to the shores. The right to maintain the boom is
without limitation: *Held,* that by R. S., c. 6, § 3, and c. 1, § 4, Rule X, the
boom is taxable as real estate, and that part situated in the town of Benton
is properly taxed in that town.

ON FACTS AGREED.

The property of the plaintiffs upon which the defendants have
assessed a tax about which the plaintiffs complain, is a portion of
what is known as the Fairfield boom, and that portion of it situate
in the defendant town.   This boom consists of two lines of piers,
one extending in a north-easterly direction from the west shore of
the Kennebec river to a point about two-thirds across said river
towards the Benton shore of said river, and the other extending
in a south-easterly or southerly direction down said river to the
east shore of the river.   The point on the west shore of said river
is in the town of Fairfield, the point on the east shore is in the
town of Benton, the central point is also in the town of Benton.
Between the aforesaid piers and the two shores are stretched logs
fastened to the shores and the piers by iron chains.    The piers
are built of logs, and are loaded with rocks to keep them in posi-
tion on the bottom of the river.    The plaintiffs have no title to
the land in the town of Benton on which these piers stand except-
ing such as is given by the act of the legislature, approved March
23, 1836; and pay rent for the shores as provided in said act annu-
ally to the owners of the same, but pay no rent for the land on
which the piers stand.   The plaintiffs own in fee a quantity of
land connected with said boom in the town of Fairfield, where
they now live and have lived for many years past, on which is

placed their boom house. The question submitted to the law court is whether the property situated in the town of Benton, as before described and constituting a part of what is known as the Fairfield boom, is taxable in the town of Benton. If held taxable the plaintiffs are to become nonsuit, otherwise the defendant town is to be defaulted for nominal damages.

*S. S. Brown,* for the plaintiffs.

*S. D. Lindsey,* for the defendants.

LIBBEY, J. This action is brought to recover back a tax paid to the defendants, assessed on that part of the Fairfield boom situated in the defendant town. The question presented by the report is whether the boom is taxable as real estate.

The plaintiffs are the owners of the boom. It was erected by the Fairfield Boom Company, a corporation chartered in 1836, with the right to take land and erect the boom and maintain it perpetually, paying any damages sustained thereby, with the further right to use the shores of the river so far as is necessary for the management of their business, paying the owners a reasonable rent therefor.

The boom consists of a line of permanent piers across the river, and logs fastened to the piers and shores by iron chains. One portion of it is in Benton and the other in Fairfield, the centre of the river being the dividing line between the two towns.

By R. S., c. 6, § 3, "real estate for the purposes of taxation . . . shall include all lands in this state and all buildings and other things erected on or affixed to the same."

By c. 1, § 4, Rule X, for the construction of statutes, the words "land or lands," and the words "real estate," include lands and all tenements and hereditaments connected therewith, and all rights thereto and interests therein."

Applying these rules to the boom property we are of opinion that it is taxable as real estate, and that that part situated in Benton was properly taxed by said town.

*Plaintiffs' nonsuit.*

APPLETON, C. J., DANFORTH, VIRGIN and PETERS, JJ., concurred.