## SMITH *vs.* ODOM.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

1. Houses are realty, and when the land is conveyed by deed containing no reservation as to them, the deed is inconsistent with a parol understanding that the vendor retains the property in the houses, with the right to enter and remove them. If, by mistake of law, the terms of the deed were made too comprehensive, such mistake should be alleged, etc.

2. *Prima facie,* the running-gear of a gin, in position for use, and attached to the gin-house, is a fixture and passes with the land. The gin, proper, is personalty, and does not pass without express agreement or something equivalent. The same is true of the band. But to treat all these things as fixtures, or on the other hand as personalty, is not inconsistent with an absolute deed conveying the land and appurtenances, if the true intention of the parties can be obtained from the *res gestæ* of the contract. Where there is doubt or uncertainty, the jury, and not the court, should determine the question of intention.

3. Where his interest in a gin and band, or in these and the running-gear, is retained by the vendor of the land at the time he conveys by deed, a parol agreement making such reservation and stipulating that the gin is to remain where it is, and be used by both parties, is not in conflict with the deed. Damages for excluding the plaintiff from sharing in the use will be measured by the value of such rightful use as he has been deprived of, and not by the value of his interest in the property.

4. If the defendant's promise, as declared upon, be absolute, and, as proved, it be in the alternative, the declaration ought to be amended to conform. To provide for either aspect in conflicting evidence, there should be two counts in the declaration.

Realty. Personalty. Contracts. Evidence. Deeds. Before Judge CRAWFORD. Talbot Superior Court. March Term, 1879.

Odom brought case, alleging that he and Smith were tenants in common of a certain plantation in Muscogee county; that they portioned the same among themselves, and that it was agreed that four laborers' houses, on the land which Smith received in the partition—should be Odom's property,

and that he might remove them ; that on Smith's land was a gin-house, in which was a cotton gin, gearing and band, that were not divided, but were to be used jointly ; that Smith refuses to permit him to remove the houses, and to use the gin, for which he asks five hundred dollars damages. The defendant pleaded the general issue.

Odom testified, in brief, as follows : Smith and he partitioned the land, Smith getting that portion which is west of Randall's creek, plaintiff that on the east; the houses were on the land Smith received ; the parties respectively conveyed title to each other. It was agreed that Odom should have four framed houses for laborers, and should have the privilege of removing them ; the houses were worth $100 each. Plaintiff got two, and Smith refused to let him have the other two. Nothing was said at the time of the partition about the sale of a gin, gin-gearing and band, which was in a gin-house on that part of the land to which Odom made Smith a deed, in which gin, gin-gearing and band, each of the parties owned a half interest, but it was agreed that Odom should have the privilege of ginning ; this privilege Smith refused him.

Smith testified as follows : When he and Odom partitioned the land, he received a deed from Odom, and thought that Odom's interest in the gin, gin-gear and band, went with the land as fixtures; nothing was said and no agreement made about it. It was agreed that Odom should have two houses, 10,000 shingles and 3,000 feet of lumber. Odom got two houses, and he was ready to pay him for the shingles and lumber; lumber was worth $1.00 per hundred feet, shingles $2.00 per thousand. Odom had never demanded or asked for them. He endeavored to have the agreement as to the houses put into the deed but Odom prevented it.

George W. Parsons testified as follows : Knows the houses ; they are worth sixty-five dollars each, contain 3,000 feet of lumber. I was present when lands were partitioned and deeds made ; the houses were divided and nothing was

said about gin, gearing and bands. Smith said put the agreement about the houses in the.deed, Odom said just call witnesses to the agreement.

T. J. Rich testified that Odom told him that he was to have four houses, or two houses, 10,000 shingles and lumber enough to build a house.

Other evidence was introduced not material here.

The jury found a verdict for two hundred and fifty dollars for plaintiff.

The defendant moved for a new trial upon the following grounds :

1. Because the court admitted the evidence of plaintiff as to the contract in relation to the houses, gin. etc.

2. Because the court refused to rule out the parol evidence of the contract.

3. Because the verdict is contrary to law and evidence.

4. Because the court charged the jury as follows: "The court instructs you that gins and gin-bands are personal property, and are removable whenever the land is sold; that neither the gin nor band goes with it; they do not belong to the land as fixtures, and the court so instructs you."

5. Because the court charged as follows: "And if you find further that it was agreed between the parties that Dr. Smith might elect to give him 10,000 shingles and lumber sufficient to build one of the houses, and Dr. Smith did not comply with that part of the contract, or at least did not elect to perform that part of the contract, then he is not entitled to claim that the value of the lumber and the value of the shingles shall be the amount of damages, but the amount of damages will be the value of the houses."

6. Because the court charged as follows: "It is also claimed by the defendant that it was agreed, if any legal agreement was made at all between the parties, that the plaintiff was to have 10,000 shingles; and as much good lumber as one of the houses contained, at his (Dr. Smith's) option. If you find the contract to be that way, that it was to be at his option, then the legal effect was that he must do one or the other of these things, that is to say, he must

have let him have the houses, or he must have given him as much lumber as would build one of the houses, and 10,000 shingles beside. And if he does not do the latter, then he is liable in damages to him for the former, that is to say, if he does not give him the shingles, and lumber enough to build one of the houses, if he has not elected to do so, and done so, on failing to do that, he is then liable to him for the value of the houses, as I instructed you."

The motion was overruled, and defendant excepted.

A cross-bill of exceptions was also filed by plaintiff, not necessary to be reported.

SMITH & LITTLE, for plaintiff in error, cited, Code, §2219; 39 *Ga.*, 471; 1st Bailey's S. C. R., 540.

PEABODY & BRANNON, for defendant, cited 1st Hill, 176; 5 Pick, 487; 4 Mass., 514; 46 *Ga.*, 19; 25 *Ib.*, 331; 29 *Ib.*, 298; Code, §§2219, 2302, 2303.

BLECKLEY, Justice.

1. "Realty, or real estate, includes all lands and the buildings thereon, and all things permanently attached to either, or any interest therein or issuing out of, or dependent thereon. The right of the owner of lands extends downwards and upwards indefinitely." Code, §2218. Where there is a conveyance of land by deed, containing no reservations as to the buildings, a parol understanding that the vendor retains the ownership of the houses, with the right to enter and remove them, is certainly inconsistent with the deed. Such a stipulation ought to find a place in the instrument, or in some collateral writing. If left out by mistake, the mistake ought to be properly pleaded and fully proved. In the present case, the parol evidence touching the houses was in the very teeth of the writing, and ought to have been excluded.

2. The section of the Code above recited declares that all things permanently attached to either land or buildings are realty. And the next section adds: "Anything intended

to remain permanently in its place, though not actually attached to the land, such as a rail-fence, is a part of the realty, and passes with it. Machinery not actually attached, but movable at pleasure, is not a part of the realty." Applying these provisions to the running-gear of a cotton-gin, in position for use and attached to the gin-house, there is, we think, a presumption that the attachment is permanent, and therefore this species of property is *prima facie* realty, and passes with the land. On the other hand, the gin itself and the band used to connect it with the running-gear are personalty, and will not pass with the land without express agreement or something equivalent. But the whole establishment for ginning may be treated by the parties as realty if such is their mutual intention, and in that event a conveyance of the land and appurtenances would pass the whole. So, they can, if they please, deal with the running-gear, as well as with the gin and band, as personalty, and effect may be given to their true intention if it can be ascertained from the *res gestæ* of the contract. While the law classifies such articles as these, it at the same time recognizes their ambiguous or variable character, and permits the parties to class them differently in different instances. The element of intention enters into the question of permanency, whether of attachment or placing, and the intention is open to investigation by parol evidence. We hold that such evidence respecting the real contract touching the running-gear, the gin and the band, was not inconsistent with the deed in the present case. The parties had been tenants in common. But the question of intention was for decision by the jury, and not by the court. The court should have instructed the jury what the several articles were, *prima facie*, leaving it to the jury to say whether, from the parol evidence, the parties had a mutual intention to treat them differently, and contracted accordingly. See some conflicting authorities cited in Ewell on Fixtures, 344.

3. If in the real transaction as both parties understood it, the maker of the deed retained his interest in the gin and

band, or in these and the running-gear, a parol agreement making the reservation, and stipulating that the gin was to remain where it was and be used by both parties, is not in conflict with the deed. We think, too, that the damages for excluding the plaintiff from sharing in the use would be measured, not by the value of his interest in the property, but by the value of such rightful use as he has been deprived of. The gin is still in its proper place, and he is as much the owner of it as ever. As the land and house are no longer his, in whole or in part, his right to use the gin *where it stands* is not the result of title but of special contract, and his grievance is a breach of that contract.

4. As the charge of the court treated of an alternative promise on the part of the defendant, and only an absolute promise was alleged in the declaration, the charge went beyond the pleadings, and was therefore erroneous. If the plaintiff considered an alternative promise proved, and meant to rely upon it, he should have amended his declaration to conform to the evidence. Perhaps the evidence was conflicting, and if so, to provide for either aspect of it, there should have been two counts in the declaration. At all events, the court should not have charged as if there were two counts when there was but one. The judgment is reversed on both writs of error.

Judgment reversed.