CHARLES BEWICK, ANDREW W. COMSTOCK AND WILLIAM B. COMSTOCK v. GEORGE N. FLETCHER.

*Fixtures—Machinery.*

Machinery was put up in a drill-house on another's land for the temporary purpose of boring a salt well, and was removable without injuring the freehold. *Held*, that it was not a fixture and was not covered by a conveyance of the land.

Where machinery has not become a fixture, the purchaser of the land cannot impose terms on its removal by the owner, and if the latter agrees to terms without a consideration he is not bound by them or estopped from claiming title and possession.

Where there is no cause of action it is not material whether rulings adverse to the plaintiff were or were not correct.

Error to Alpena.   Submitted Oct. 8.   Decided Oct. 14.

TRESPASS ON THE CASE.   Plaintiff brings error.

*J. D. Turnbull*, for plaintiffs in error.

*Kelley & Clayberg*, for defendant in error.

CAMPBELL, C. J.   Plaintiff sued defendant in trover for the conversion of certain machinery which had once been in a drill house set up for boring a salt well in Alpena. The property where the machinery was first set up had been owned by one Lockwood. Fletcher made an arrangement with Lockwood whereby it was contemplated that he should furnish the machinery necessary for sinking a well and erect certain salt blocks and some other apparatus, in consideration whereof he was to have a half share in the land and business. Fletcher put up the drilling machinery in question, but the well was not sunk and the arrangement was never carried out, and he made no transfer.

Lockwood sold the land to plaintiffs.   Their only title to the property depends on its having become appurtenant to the land, or on a subsequent contract from

Fletcher which will be presently referred to. If not a part of the realty, Lockwood could not have sold it to them, and did not in fact make any assignment of any different character.

It is not important to look into the very elaborate and extended discussion of the doctrine of fixtures contained in the charges and requests, because the facts do not require it. The machinery was put upon the ground to sink a well,—which is a temporary purpose. It was not so attached to the freehold as not to be removed without injury, and therefore, on well-settled principles, it could not become realty without being either intended or especially adapted for permanent use as a part of the freehold. There is nothing in the case to indicate this, and the jury, if there had been, were properly directed on this head. There is no presumption of such a union. The presumption is all the other way. *Wheeler v. Bedell*, 40 Mich., 693.

The plaintiffs however claim that Fletcher is estopped by a subsequent arrangement from denying their right. After the Lockwood project was abandoned, it was desired to use this machinery to sink a well for other parties, and Fletcher removed part and was preparing to remove the rest against plaintiffs' objections, when they entered into an amicable contract signed by Fletcher, whereby he promised to return the property and replace it in the same condition after the new well was finished, if they would let him remove it.

We think it very clear that this agreement cannot be construed into anything more than a promise to put the property back where it was before. It is no relinquishment of right, and no recognition of any title in plaintiffs.

If Fletcher owned the property, they had no right whatever to impose terms, and there was no consideration for any contract on his part to give up either title or possession.

There was nothing in the case to sustain the plaintiffs' claim, and the correctness or incorrectness of some of the rulings can make no difference in the result.

Judgment must be affirmed with costs.

The other Justices concurred.