WALTON V. WRAY.

1. **Judicial Sale**: EXECUTION: JUSTICE OF THE PEACE. A sale of property under an execution issued by a justice of the peace, after the life of the execution under which the levy was made had expired, and without its renewal, was held to convey a valid title to the purchaser.

2. ————: CHARACTER OF PROPERTY: REAL ESTATE OR PERSONALTY. A grain elevator built upon the right of way of a railroad, under a license given by the company with the understanding that it was not to be a permanent structure, and which was operated by shafting from a steam mill, was held to be personal property, the title to which passed by a constable's sale.

*Appeal from Mahaska Circuit Court.*

THURSDAY, OCTOBER 7.

ONE N. S. Stein was the owner in fee of a lot in the town of Leighton upon which there was a mill, which he operated. It was near the right of way of the Keokuk & Des Moines Railroad. He obtained permission of the superintendent of the railroad company to erect a corn elevator on the right of way. The elevator when erected was operated, so far as machinery was necessary to its operation, by means of a line of iron shafting from the mill, supported by trestle work, and running across a vacant lot lying between the mill and corn elevator, and which was owned by another party.

A judgment was recovered against said Stein for about $1,000 on the 15th of September, 1876. Execution was issued upon the judgment January 23, 1877, and levied upon the corn elevator, and upon the alleged leasehold interest of said Stein in that part of the right of way upon which the elevator was situated. The property was regularly sold by the sheriff to the plaintiff, and there being no redemption a sheriff's deed of the premises was made to the plaintiff March 6, 1878.

On said 15th of September, 1876, one Cooper recovered a

judgment before a justice of the peace against said Stein for $73 and costs. On the same day execution issued thereon, and on the next day a levy thereof was made on the corn elevator. The execution was renewed October 14, 1876, for thirty days. On November 11, 1876, it was renewed for thirty days, and on December 11 it was again renewed for thirty days. On January 22, 1877, the elevator was sold under said execution to the defendant Wray, and a bill of sale was given to him therefor by the constable who conducted the sale. Wray took immediate possession of the elevator.

This action was brought by the plaintiff to recover the possession of the property under the claim that he is the absolute owner under the sheriff's sale and deed. The defendant claims that he is the owner, and entitled to possession under the constable's sale. There was a trial by the court and a judgment for the defendant. Plaintiff appeals.

*John F. Lacey*, for appellant.

*F. M. Davenport*, for appellee.

ROTHROCK, J.—The important question in the case is whether the corn elevator was real estate, or personal property. If it was real estate the judgment of $1,000 rendered by the Circuit Court was a lien upon it, and the plaintiff's title thereunder would be valid. If it was personal property the levy made under the judgment recovered before the justice of the peace was valid, and the sale of the property made under such levy invested the defendant with the title.

It is claimed by the appellant that the corn elevator was a fixture appurtenant to the mill because it was operated by a shaft connected with the mill. This position, we think, is not tenable. The corn elevator was, so far as appears, a separate structure, in which an independent business was carried on, and it was not merely an appurtenance to the mill.

II. It is contended that, as the constable's sale was made

some two weeks after the expiration of the last renewal of the execution, the sale passed no title to the defendant. Counsel concedes that executions issued by courts of record are sufficient authority for a sale after the life of the execution has expired, provided the levy has been made during the life of the execution. See *Butterfield v. Walsh*, 21 Iowa, 97; *Moomey v. Maas*, 22 Id., 380; *Stein v. Chambless*, 18 Id., 474. But a distinction is sought to be made between an execution issued by a justice of the peace and one issued from a court of record, because in the former the execution is required to be renewed from time to time. Code, § § 3572,3,4. We can see no reason, however, for such a distinction. An execution from a court of record is required to be returned in seventy days, and another issued if necessary to sell property which has been levied upon, or the levy may be abandoned and a new execution issued. Code, § 3086. The only difference in the two kinds of executions is in the manner of the renewal.

*1. JUDICIAL sale: execution: justice of the peace.*

III. A material question in the case is whether Stein had such an interest in the land upon which the elevator was situated as to constitute his property right therein real estate. If so, the judgment under which plaintiff holds was a lien thereon, and his title must prevail. The evidence shows the arrangement by which the elevator was erected. The only witness who testified upon that subject was the said N. S. Stein. His evidence is as follows: "Before this corn elevator in controversy was built I saw the superintendent of the Des Moines Valley Railroad at Leighton. All the talk we had about building was while the train stopped. I told him I wanted to build a corn elevator on the right of way at Leighton opposite my mill. He asked me if it would be permanent or temporary. I told him it would be temporary. He said I might build it. That was all that was said about it." * * *

*2. ——: character of property: real estate or personalty.*

It will be seen that the authority thus given was not a lease of the land upon which the elevator was erected. It

was a mere license; and all the right acquired by Stein was to erect his building, and remove it when a removal was required. It was understood to be a mere temporary occupancy. It was not such an interest in real property as to be the subject of a judgment lien under Sec. 2882 of the Code. The building was a mere chattel.

" A house erected by one man upon the land of another by his assent, and upon an agreement or understanding that the builder may remove it when he pleases, does not become a part of the real estate, but remains a personal chattel and removable." Wait's Actions and Defenses, Vol. 3, 381.

Even if said Stein had held a lease of the land upon which the building was erected, and had built it for the purpose of carrying on his business therein, he would have had the right of removal, and in such case it has been held that the building would have been personal property during his term of lease, and liable to be levied upon and sold as personal property for his debts. *Heffner v. Lewis*, 73 Pa. St., 302; *Lemor v. Miles*, 4 Watts, 330; Amos & Ferrard on Fixtures, p. 250, and authorities cited. And see Wait's Actions and Defenses, Vol. 3, 391, and authorities there cited. The building, then, being a personal chattel, was not the subject of a judgment lien, and having been first seized upon the execution issued upon the judgment rendered by the justice of the peace, under which the defendant holds, we think the court correctly held that his title was superior to that of the plaintiff.

AFFIRMED.