## MELHOP, SON & CO. v. MEINHART ET AL.

1. **Attachment**: LEVY ON CHATTEL INTEREST IN LAND: POSSESSION NECESSARY. In order to make a valid levy upon a chattel interest in real estate, which will hold as against a subsequent purchaser, possession is necessary, and an indorsement upon the writ and an entry in the incumbrance book are not alone sufficient.

2. **Real Estate**: WHAT INCLUDED IN: LICENSE AS DISTINGUISHED FROM LEASEHOLD: REMOVABLE BUILDINGS. A leasehold interest in land is real estate, within the meaning of § 45, par. 8, of the Code. But it is essential to a lease that it be for a definite period, either expressed or implied. And an interest in land which the occupant for a particular purpose may terminate or continue at his pleasure is a mere chattel interest; and buildings erected on the land of another with a reserved right to remove the same are mere chattels. (*Dist. Twp. of Corwin v. Moorehead*, 43 Iowa, 466, and *Walton v. Wray*, 54 Id., 531, followed as to last point.)

*Appeal from Jones District Court.*

SATURDAY, JUNE 19, 1886.

PLAINTIFFS instituted suit on a money demand against defendant, A. L. Meinhart. Their petition contained allegations entitling them to an attachment, and the writ was accordingly issued. Immediately after the writ came into the hands of the sheriff he entered in the incumbrance book the statement that he had attached the leasehold interest of the defendant in certain described lands, together with the buildings and improvements situated thereon. He also indorsed on the writ his certificate to the same effect. The intervenor, Carso Crane, afterwards filed a petition of intervention, in which he claimed the property under a deed of assignment, executed by the defendant for the benefit of his creditors. On the trial of this cause the district court adjudged that plaintiffs acquired no rights in the property under the levy of the attachment. Plaintiffs appealed.

*Herrick & Doxsee,* for appellants.

*Remley & Ercanbrack,* for appellees.

REED, J.—The deed of assignment under which intervenor claims was executed after the sheriff had entered the statement in the incumbrance book, and indorsed his certificate on the attachment. He had done everything essential to a levy of the writ on real estate, but, as he had not taken possession of the property, what he had done was not sufficient to constitute a levy, if the interest of the defendant in the property was a mere chattel interest; and the claim of the intervenor is that that was the character of his interest in it. The property consists of the interest or right of the defendant in fifty square rods of ground, together with the buildings and improvements situated thereon. The title to the land is in one James Crow. In the year 1880 said James Crow and A. T. Meinhart, who is defendant's brother entered into a written contract, of which the following is a copy: "Articles of agreement entered into this eigteenth day of December, 1880, between A. T. Meinhart and James Crow: The said Crow hereby agrees to lease unto the said Meinhart the following piece of ground, [describing it,] for the purpose of carrying on the buisness of a creamery thereon, and for the term of as long as said creamery is carried on as said business, for the sum or rent of one dollar for said lease in full; that said Meinhart hereby agrees to the above terms, and agrees to carry on said creamery by erecting the necessary buildings and fixtures thereon, either by himself or co-partership; and it is further agreed that, in the event of abandonment of said lease for said creamery purposes, then the buildings and fixtures on said piece of land, as above described, shall revert back to the creamery association last holding the same, and they have three months thereafter to remove them from the ground." This instrument was duly acknowledged, and recorded in the office of the recorder of deeds.

Soon after this contract was entered into, Meinhart formed a partnership with two other persons, and the firm proceeded to erect on the land the necessary buildings and fixtures for

*1. ATTACHMENT: levy on chattel interest in land: possession necessary.*

Melhop, Son & Co. v. Meinhart et al.

carrying on the creamery business. They also engaged in that business. The buildings and improvements are of a permanent character, and cost something over $3,000. Some time after the business was established the defendant purchased the interest of the other two members of the firm, and he and his brother conducted the business as partners. He subsequently bought his brother's interest, and when the attachment was sued out he was in possession of the property, and was the sole proprietor of the business.

The important question in the case is whether he acquired an interest in the property which the law will recognize as 2. REAL estate: what included in: license as distinguished from leasehold: removable buildings. real estate, or whether he held a mere chattel interest. If the former is the character of his interest, plaintiffs acquired a lien thereon under their attachment, which is superior to the interest acquired by intervenor under the deed of assignment; but if his interest is of the latter character, plaintiffs acquired no interest under the writ. Defendant received no written assignment or conveyance of the interests purchased by him but, as he took possession of the property under his purchase and paid the purchase price thereof, this fact is not material. By the purchase he acquired whatever rights or interest accrued under the contract between A. T. Meinhart and Crane. Judgments in the supreme, district or circuit court are liens upon the real estate owned by the defendant at the time of such rendition, or subsequently acquired by him, (Code, § 2882,) and any interest in real estate upon which a judgment would be a lien may be seized on attachment before judgment. The phrase "real estate," when used in the statute, "includes lands, tenements, hereditaments, and all right thereto and interest therein." Subdivision 8, § 45, Code.

The question which is conclusive of the rights of the parties depends, then, upon whether the contract conferred upon A. T. Meinhart a right to, or interest in, the land. It will be observed that the parties to the written instrument speak of their contract as a lease of the land. The language is that "the said Crane agrees to lease unto the

said A. T. Meinhart the following piece of ground," etc. It is very clear, however, that the contract does not confer upon the latter an estate for years. It is entirely indefinite as to the duration of the right to occupy the premises. The stipulation is that the right to occupy the ground shall continue "as long as said creamery is carried on as said business." The duration of the right is thus left to the will of the one who may be in possession under the contract. He may terminate it at any time by abandoning the use of the property for the specified purpose, or he may continue it indefinitely. It is essential to a lease for years that it be for a definite period, or for a purpose which of itself serves to ascertain the length of time for which the premises are to be occupied. 1 Washb. Real Prop., 440. It will be observed, also, that the buildings and improvements to be erected on the ground are not to attach to the realty, but remain the property of Meinhart and his grantees. The right to remove them when the contract should be terminated was reserved by its terms. They are therefore regarded as mere personalty; (*Walton v. Wray*, 54 Iowa, 531; *District Tp. of Corwin v. Moorehead*, 43 Id., 466;) and if we should hold that defendant had a right or interest in the land, it would still be a question whether plaintiff acquired any rights as to the improvements under their attachment. But we do not consider that question; for, in our opinion, the contract did not create a right or interest in the land upon which the buildings were erected, which the law will recognize or treat as real estate. The right conferred upon A. T. Meinhart by the contract was simply to use and occupy the land, for the purpose specified, for such period of time as he and his grantees might elect. He acquired no estate in it. The right conferred is in the nature of a mere license or privilege, which is determinable at the will of one of the parties. But it is clearly not a right to, or interest in, the land. It must therefore be treated as a mere chattel interest.

The judgment of the district court is therefore correct, and will be                                        AFFIRMED.