84 407
106 482

OSKALOOSA WATER COMPANY, Appellee, v. BOARD OF
EQUALIZATION OF CITY OF OSKALOOSA,
Appellant.

**Taxation:** PERMANENT IMPROVEMENTS UPON LEASED LAND ASSESSED AS
REALTY. The plaintiff was the owner of a system of waterworks, con-
sisting of permanent buildings and machinery, situated upon leased
land located about three and a quarter miles from the defendant city,
and of water mains extending from the works to and through the city,
where it maintained a filter and standpipe, and kept an office where
its business was transacted. *Held*, that the mains, filter and stand-
pipe in the city were appurtenant to the main works, and that the
entire system of waterworks of the plaintiff should be treated as real
estate for the purposes of taxation, and were assessable only in the
township where the main works were situated.

*Appeal from Mahaska District Court.*—HON. D. RYAN,
Judge.

FRIDAY, JANUARY 29, 1892.

THIS is a proceeding for the correction of an assess-
ment of property, alleged to be erroneous. From a
judgment rendered in favor of the plaintiff, the defend-
ant appeals.—*Affirmed.*

*G. B. McFall,* for appellant.

*George W. Lafferty,* for appellee.

ROBINSON, C. J.—The plaintiff is a corporation,
and was organized in the year 1879 for the term of fifty
years. It has the power to acquire and hold both real
and personal property. On the fourth day of November
of the year specified it entered into an agreement
with the owners of a small tract of land situated on
Skunk river. The agreement was in writing, and con-
tains the following provisions:

"For value received, party of the first part (the land-owners) hereby grants to party of the second part (the water company) the entire use and possession of the following described real estate. (The description of the tract mentioned is here given.) This lease to continue as long as the said party of the second part, or its successors or assigns, shall continue to operate the waterworks upon said land, as specified hereinafter, and no longer; and, when said works shall cease to be operated by said party of the second part, its successors or assigns, this lease shall cease and terminate, saving to the party of the second part, its successors or assigns, the right to remove all machinery, fixtures and buildings and property therefrom. Party of the second part is to erect upon said lands buildings and machinery, for the purpose of obtaining and taking from said premises water, to be conveyed to the city of Oskaloosa, Iowa, for the supply of the inhabitants of said city with water."

The agreement contained other provisions in regard to the laying of waterpipes, the maintaining of a hydrant for the benefit of the land-owners, the furnishing of water, and the repairing of a dam, which need not be set out at length. The tract described is situated in Madison township, in Mahaska county, and upon it are the buildings, engines, pumps and other machinery which constitute the pumping works of the plaintiff. The main building is of brick, about thirty-six by one hundred feet in size, and rests upon a solid foundation of stone masonry. The plant is extensive and substantial. It is connected with a system of mains and pipes laid in the city of Oskaloosa by one large main, which extends from the plant through the south part of Madison township, a distance of one and one fourth miles; thence one and one half miles, through Garfield township, to the north limit of the township of Oskaloosa; and thence one half mile to the north limit of the city of Oskaloosa. In the city,

in addition to the mains, pipes and hydrants, there are a filter and a standpipe. The latter is designed to add pressure to the water in case of fire, and to aid in forcing the water, when muddy, through the filter. Both the standpipe and filter are parts of the system of waterworks. The plaintiff also had an office in the city, where the accounts are kept, collections made and other business is transacted. The waterworks, including buildings and mains, were assessed in Madison township for the year 1890. The assessor of the city of Oskaloosa made no assessment of the property of the plaintiff, but the board of equalization of the city made an assessment of seven thousand dollars on the property of the plaintiff within the city, including standpipe, filter and mains. The plaintiff objected to the assessment, and appealed therefrom to the district court. That tribunal found the assessment to be erroneous, and adjudged it to be void. From that judgment the defendant appeals.

I. The question presented for our determination is whether the property of the plaintiff within the city of Oskaloosa was personal property within the meaning of the law for the purposes of taxation. In determining the question no reference will be had to the office furniture, books and accounts, for the reason that the record discloses nothing as to their value, and nothing appears to be claimed for them excepting in connection with other property. The property we shall consider consists of the buildings, machinery, mains, pipes, hydrants, standpipe and filter, which constitute the system of waterworks in question, and the interest of plaintiff in the real estate used in connection with it. It was said in the case of *Des Moines Water Co.*, 48 Iowa, 324, that the land, building, machinery and water mains of the company were all real estate; that the mains in another township than that in which the land, buildings and pumping machinery were located partook of the same character.

In *Capital City Gas Light Co. v. Charter Oak Ins. Co.*,
51 Iowa, 31, it was held that gas mains were appurte-
nances of the lots upon which the gasworks were
situated, and that an assessment of the lots properly
included an assessment of the gas mains. In each of
those cases, however, the lots were owned by the
company which owned the mains. In this case the
appellant contends that the water company has only a
license to maintain its works on the tract of land at
Skunk river, and therefore that its property is personal,
and should be so treated for the purposes of taxation.
In *District Township v. Moorehead*, 43 Iowa, 466, it was
held that a schoolhouse built upon land not owned by
the district, under an agreement with the land-owner
that the district was to have the use of the site so long
as the schoolhouse should remain on it, was personal
property. In the case of *Walton v. Wray*, 54 Iowa,
531, this court approved the following statement of the
law: "A house erected by one man upon the land of
another, by his assent, and upon an agreement or
understanding that the builder may remove it when he
pleases, does not become a part of the real estate, but
remains a personal chattel and removable." The rule
was applied in that case to an elevator erected upon the
right of way of a railroad company for a temporary
purpose, and it was said that, if the owner of the
elevator had erected it under a lease with the right of
removal, it would have remained personal property,
subject to be levied upon and sold as personal property
for the payment of the debts of the owner. In the
case of *Melhop v. Meinhart*, 70 Iowa, 685, it was held
that buildings and improvements of a permanent
character, erected upon land granted "for the purpose
of carrying on the business of a creamery thereon, and
for the term of as long as said creamery is carried on
as said business," with the right to remove the
buildings and fixtures in the event of the abandonment
of the premises for creamery purposes, were to be

regarded as mere personal property. These cases involved questions in regard to the character of the improvements as between the parties to the grant of the right to use the real estate, or as between creditors of the grantee.

While it is true, in this case, that the company may at any time terminate its right to occupy the tract of ground at Skunk river and remove its property therefrom, yet it is very evident that neither party to the agreement contemplates such a termination at present, and probably not during the life of the company. The buildings and improvements are of a solid and permanent character, designed to last for many years. They are attached to the land in the manner adopted for permanent structures, and they are treated and used in all respects as a part of the freehold. They are not a part of the freehold for all purposes, only because of the existence of a right, which is not likely to be exercised, to sever them. They possess all the physical attributes of real estate. Their owner has the right to occupy the premises on which they stand during its pleasure, if it continue to operate its works so long; and that right is an interest in the land occupied by the plant in the nature of an easement, and may be assigned. It was held in effect, in Appeal of Des Moines Water Co., *supra*, that the water mains, which occupied the streets in which the company had no right save that of laying and maintaining the mains therein, should be regarded as appurtenances of the waterworks, taxable as a part of them, and that the place of assessment and taxation was determined by the location of the waterworks and land upon which they were situated. It is true, as has been stated, that the land was owned by the company, and in this case it is not, but it has been frequently held that improvements erected upon real estate, of a permanent character, so far possess the attributes of real estate that for the purpose of taxation they may be so treated,

although by the strict rules of the common law they would be fixtures. See *Smith v. Mayor*, 68 N. Y. 552; *Milligan v. Drury*, 130 Mass. 428. See, also, *Hall v. Benton*, 69 Me. 346; *Russell v. City of New Haven*, 51 Conn. 259; Cooley on Taxation, 368.

The statute of Iowa provides that all property, real and personal, not included in certain classes of exemptions, shall be subject to taxation. Subdivision 8, of section 45, of the Code is as follows: "The word 'land' and the phrases 'real estate' and 'real property' include lands, tenements, hereditaments and all rights thereto and interests therein, equitable as well as legal." "Hereditaments," in the broadest sense, includes everything capable of being inherited. The word "tenement," in its most extensive signification, "comprehends everything which may be holden, provided it be of a permanent nature. In a more restricted sense, it is a house or building." Bouvier's Law Dictionary. The mortgagee of real estate is ordinarily considered to hold but a chattel interest, but for some purposes he has been held to be an owner of the property mortgaged, within the meaning of the subdivision quoted, because he has an equitable interest therein. *Severin v. Cole*, 38 Iowa, 464; *White v. Rittenmyer*, 30 Iowa, 269; *Burton v. Hintrager*, 18 Iowa, 350. The word "land," as used in the statute of New York relating to property liable for taxation, includes "the land itself," and "all buildings and other articles erected upon or affixed to the same." It has been held under that statute that buildings erected upon land by a person other than the owner, under a right or interest which authorized the erection, were subject to assessment as real estate. *People v. Commissioners*, 82 N. Y. 459, and cases therein cited; *People v. Board*, 93 N. Y. 308; *People v. Commissioners*, 101 N. Y. 322, 4 N. E. Rep. 127. It is true that in *Melhop v. Meinhart*, *supra*, it was said that a person whose right to use land was similar to that of the plaintiff in this case had no

right to or interest in the land, but a mere license or privilege determinable at the will of one of the parties. No question of taxation was involved, however, and what was said was applicable only to the character of the property in question as between its owner and the owners of the land upon which it was placed, and as between the assignee of the owner of such property, holding title by virtue of a general assignment for the benefit of creditors, and a creditor claiming priority by virtue of a levy under a writ of attachment. In view of the permanent character of the system of water-works of the plaintiff, and the use for which it is designed, we reach the conclusion that it should be treated as real estate for the purposes of taxation; that the property in controversy should also be treated as real estate appurtenant to the main works on the premises at Skunk river; and that the entire system of waterworks should be treated as an entirety, assessable in the township where the main works are located. The judgment of the district court is AFFIRMED.