(10 Misc. Rep. 219.)

## STERN et al. v. FROMMER.

(City Court of New York, General Term.   November 20, 1894.)

1. TRIAL—DIRECTING VERDICT.
     It is error to direct a verdict for defendant at the close of plaintiff's case, as plaintiff, at the most, can only be nonsuited at the close of his case.
2. SALE—PROOF OF DELIVERY.
     Delivery of goods alleged to have been sold by plaintiff to defendant may be proved by testimony of plaintiff's salesman that he afterwards saw the goods in defendant's possession.

Appeal from trial term.

Action by Sam G. Stern and others against Robert Frommer.   From a judgment entered on a verdict directed by the court in favor of defendant, plaintiffs appeal.   Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

Epstein Bros., for appellants.

Chas. F. Holm, for respondent.

VAN WYCK, J.   At the close of plaintiffs' case the court directed a verdict for defendant, and on such verdict the judgment was entered from which this appeal is taken.   This was error, for at most a plaintiff can only be nonsuited at the close of his case, and may thereafter bring a new action for the same cause, first paying the costs of the action in which he was nonsuited; but not so if the judgment is upon a verdict of the jury, for such judgment is a bar to a subsequent action for the same cause.   The plaintiffs' proof shows that their salesman called at defendant's saloon at a time when defendant was in charge of his saloon, and took an order for a barrel of whisky for defendant from one Helmuth, then dealing with such salesman as buyer for defendant, and that Helmuth

was also defendant's bookkeeper, at a salary of $10 per week. The plaintiffs made proper effort to prove delivery of this barrel of whisky to defendant, by showing by their salesman that he had subsequently seen the same in defendant's saloon, but, on defendant's objection, were not allowed to do so, and to all of which plaintiffs excepted. The judgment is reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.

