## ALBERT A. YOUNG *vs.* JAMES E. CHANDLER.

### Cumberland.    Opinion December 15, 1906.

*Directing Verdict.   Fixtures.   Annexations.   Realty.   Personalty.   Mortgagor and Mortgagee.   Landlord and Tenant.*

At a jury trial the presiding Justice is authorized to direct a verdict for either party when a contrary verdict could not be sustained by the evidence.

Also if a plaintiff's evidence when taken to be true, is not sufficient to make out a prima facie case, the presiding Justice may direct a verdict for the defendant.

But when different conclusions might be drawn from the evidence by different minds, then the evidence should be submitted to the jury.

Where a structure is affixed to the premises of another by a temporary occupant thereof, or by a licensee, it is deemed temporary in its purpose and not part of the realty.

Annexations with the consent of the owner or mortgagee of the realty, made by a bare licensee, are presumed to be removable and to remain the property of the one annexing, in the absence of facts indicating a contrary intention, even against a subsequent purchaser without notice.

By agreement between the owner or mortgagee of the realty, personal property may retain its status after annexation, and such agreement or intention may be inferred by circumstances.

As to what are fixtures, substantially the same rules prevail between grantor and grantee, as between mortgagor and mortgagee, but different rules apply in relation to landlord and tenant from considerations of public policy and because of the temporary nature of the tenure.

In the case at bar, the plaintiff purchased from James Fyles, Sr., a greenhouse with its contents, consisting of potted plants, and plants maturely grown but not severed from the soil, and loam prepared for gardening purposes. The greenhouse had been removed by the vendor from its original location and placed on posts upon land belonging to his son, James G. Fyles, with his consent, and had attached it to the barn, through which he cut a door and in the cellar of which he had set up a boiler and connected pipes into the greenhouse for heating the same, and subsequently he and his son carried on business as florists, using the greenhouse in connection therewith. The land on which this structure was erected had been previously mortaged by James G. Fyles to the defendant. The mortgage was subsequently foreclosed and the equity purchased by the defendant, and James

Fyles and son became his tenants at will until their tenancy was terminated by notice immediately before the date of the alleged trespass. The plaintiff had already removed the plants which had been in the greenhouse, and had taken down the structure. He was in the act of removing the glass frames when the defendant ordered him not to remove his property. The plaintiff testified that the defendant ordered him to remove nothing from the premises. The defendant testified that he forbade the removal of anything which was a part of the realty and that his interference was confined to the class of property which the plaintiff was at the time removing.

*Held:* (1) That the evidence should have been submitted to the jury.

(2) That the greenhouse was a part of the realty and belonged to the defendant.

(3) That the plants in the pots and fertilized loam remaining on the premises at the termination of the tenancy were not of the nature of fixtures, but movable personal property.

(4) That the stock plants which though matured had not been severed from the soil, were emblements and the tenant or his vendee had the right to remove them during the term, or within a reasonable time after its termination.

*Bryant* v. *Pennell,* 61 Maine, 108, distinguished.

On exceptions by plaintiff. Sustained.

Action of trespass. The writ contained three counts. The first count alleged the detaining with force and arms, by the defendant, of certain goods and chattels consisting of greenhouse frames, plants, loam and compost, property of the plaintiff, from the plaintiff's possession. The second count alleged the conversion by the defendant of the goods and chattels described in the first count. The third count alleged the forcible taking and carrying away by the defendant of the same goods and chattels.

The writ was sued out of the Superior Court, Cumberland County. Plea, the general issue. Tried at the February term, 1906, of said Court. At the conclusion of the plaintiff's testimony, the presiding Justice, on motion of the defendant, directed the jury to return a verdict for the defendant. To this instruction the plaintiff excepted.

The case is fully stated in the opinion.

*Dennis A. Meaher,* for plaintiff.

*L. L. Hight and H. P. Sweetsir,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J. This was an action of trespass commenced by writ declaring under three counts, the first alleging the detaining, with force and arms, by the defendant, of certain goods and chattels, consisting of greenhouse frames, plants, loam and compost, property of the plaintiff, from his possession, the second the conversion of the goods and chattels described in the first count and the third, the forcible taking and carrying away of the same property.

After the evidence of both the plaintiff and defendant was presented the presiding Justice, on motion of the defendant's counsel, directed the jury to render a verdict for the defendant. To this instruction the plaintiff excepted, and upon his exceptions the case is before the Law Court.

At a jury trial the presiding Justice is authorized to direct a verdict for either party when a contrary verdict could not be sustained by the evidence, *Bank* v. *Sargent*, 85 Maine, 349; *Bennett* v. *Talbot*, 90 Maine, 229; *Coleman* v. *Lord*, 96 Maine, 192; *Thompson* v. *Missouri Pacific R. R. Co.*, 51 Neb. 527; *Stearn* v. *Frommer*, 30 N. Y. Supp. 1067; or if the plaintiff's evidence, when taken to be true, is not sufficient to make out a prima facie case, the court may properly direct a verdict for the defendant. *Heath* v. *Jaquith*, 68 Maine, 433; *Co-operative Soc.* v. *Thorpe*, 91 Maine, 64; *Jewell* v. *Gagne*, 82 Maine, 430. But when the case is doubtful, and when different conclusions might be drawn from the evidence by different minds, the facts should be submitted to the jury. *Luhrs* v. *Brooklyn Heights R. R. Co.*, 42 N. Y. St. 606.

The plaintiff contends that he had the title and right of possession to all the property specified in the writ, and that the defendant forcibly took and withheld it from him; and the defendant claims that a portion, at least, of the property was his as part of the realty, he having acquired title thereto by accession, which alone he withheld from the defendant at the time of the alleged trespass.

There are four classes of property which are the subject matter of this action. The material which had entered into the construc-

tion of a greenhouse which James Fyles, who was a florist, had placed on land then owned by his son, James G. Fyles, with his consent; potted plants; growing stock plants; and loam and compost prepared for gardening purposes. The correctness of the ruling directing a verdict depends upon two propositions: (1) whether the evidence, that submitted by the plaintiff being taken as true, shows prima facie that the defendant forcibly took and withheld from the plaintiff, converted, or took and carried away, any of this property; (2) whether such evidence so proves that the plaintiff at the time of the alleged taking had title and the right of possession to any part thereof.

It appears that in September, 1905, the plaintiff purchased from James Fyles, Sr., a greenhouse with its contents, consisting of potted plants, and plants maturely grown but not servered from the soil, and loam prepared for gardening purposes. The greenhouse had been removed by the vendor from its original location and placed on posts upon land belonging to his son, James G. Fyles, with his consent, and had attached it to the barn, through which he cut a door and in the cellar of which he had set up a boiler and connected pipes into the greenhouse for heating the same, and subsequently he and his son carried on business as florists, using the greenhouse in connection therewith. The land on which this structure was erected had been previously mortgaged by James G. Fyles to the defendant. The mortgage was subsequently foreclosed and the equity purchased by the defendant, and James Fyles and son became his tenants at will until their tenancy was terminated by notice immediately before the date of the alleged trespass. The plaintiff had already removed the plants which had been in the greenhouse, and had taken down the structure. He was in the act of removing the glass frames when the defendant ordered him not to remove his property. The plaintiff testifies that he was ordered to remove nothing from the place, and the defendant testifies, in effect, that he forbade the removal of anything which was a part of the reality, and that his interference was confined to the class of property which the plaintiff was at the time removing. The plaintiff's theory is somewhat

supported by the testimony of James Fyles as to the claim of the defendant when informed of the sale to the plaintiff, " He said everything belonged to him ; what I claimed was mine he said belonged to him because they were on the place." If the plaintiff had the right to understand, from the words and acts of the defendant, that he intended to take and detain from him not only the frame of the greenhouse but the other property specified in the writ, there was no technical necessity for him to make any specific demand before bringing his action, the words and acts being equivalent to the defendant's exercise of control over the property, inconsistent with the plaintiff's possessory and property rights therein. At least, it is not clear that his inference was not warranted, and if his right of action depended upon this point alone, it should have been submitted to the jury ; but we must still decide whether the plaintiff owned any of the classes of property specified in the writ as against the proprietor of the land at the time of the alleged trespass.

Where a structure is affixed to the premises of another by a temporary occupant thereof, or by a licensee, it is deemed temporary in its purpose and not part of the realty. *Berwick* v. *Fletcher*, 41 Mich. 625 ; *O'Donnell* v. *Burroughs*, 55 Minn. 91 ; Meigs's Appeal, 62 Pa. St. 28 ; *Andrews* v. *Auditor*, 28 Gratt. 115.

Annexations with the consent of the owner or mortgagee of the realty, made by a bare licensee, are presumed to be removable and to remain the property of the one annexing, in the absence of facts indicating a contrary intention, even against a subsequent purchaser without notice. *Nelson* v. *Howison*, 122 Ala. 573 ; *Fisher et al.* v. *Johnson et al.*, 106 Ia. 181 ; *Sager* v. *Eckert*, 3 Ill. App. 412 ; *Walton* v. *Wray*, 54 Ia. 531 ; also by agreement between the owner of personal property and the owner or mortgagee of the realty, personal property may retain its status after annexation. *Smith* v. *Odom*, 63 Ga. 499 ; *Marshall* v. *Bachelder*, 47 Kan. 442 ; *Handforth* v. *Jackson*, 150 Mass. 149 ; *Peaks* v. *Hutchinson*, 96 Maine, 530 ; *Russell* v. *Richards*, 10 Maine, 429 ; *Tapley* v. *Smith*, 18 Maine, 12 ; *Hilborne* v. *Brown et al.*, 12 Maine, 162 ; *Salley* v. *Robinson*, 96 Maine, 474 ; *Readfield Telephone, etc. Co.* v. *Cyr*, 95

Maine, 287 ; and such agreement or intention may inferred from circumstances.   19 Cyc. 1048, 1049.

As to what are fixtures, substantially the same rules prevail between grantors and grantees as between mortgagors and mortgagees, but different rules apply in relation to landlords and tenants from considerations of public policy and because of the temporary nature of the tenure.   *Maples* v. *Millon,* 31 Conn. 598 ; *Arnold* v. *Crowder,* 81 Ill. 56 ; *Bishop* v. *Bishop,* 11 N. Y. App. 123.

In some jurisdictions it is held that, even without their consent or agreement, the rights of prior mortgagees, they having parted with nothing on the faith of the fixtures, are subject to those having rights therein.   *Broaddus* v. *Smith,* 121 Ala. 335 ; 19 Cyc. 1051 ; but in others, including Maine, it is held that a mortgagor cannot, by any agreement with a third party, diminish the rights of a prior mortgagee.   *Ekstrom* v. *Hall,* 90 Maine, 186 ; *Wight* v. *Gray,* 73 Maine, 297 ; *Meagher* v. *Hayes,* 152 Mass. 228 ; *Thompson* v. *Vinton,* 121 Mass. 139 ; *Fiske* v. *Peoples Nat. Bank,* 14 Cal. Apps. 21 ; *Watertown Steam Engine Co.* v. *Davis,* 5 Houst. 192 ; *Fuller-Warren Co.* v. *Harter,* 110 Wis. 80 ; *Dame* v. *Dame,* 38 N. H. 429 ; *Tyson* v. *Post,* 108 N. Y. 217 ; Jones on Mortgages, 429.

If the defendant's title to the realty had been acquired simply by his deed from James G. Fyles, by whose consent the greenhouse was erected, his rights would have been subject to the owner of the fixture, but as he was the mortgagee of the realty at the time the structure was erected, it became part of the mortgage security and by foreclosure he became the owner by accession, in accordance with the doctrine recognized in *Ekstrom* v. *Hall,* supra, unless his consent to its erection is shown.   There seems to be no evidence of his consent, and no fact or circumstance from which any agreement on his part may be presumed that the greenhouse should remain personal property after annexation.

The status of the other classes of personal property described in the writ is to be determined by the more liberal rule which prevails between landlord and tenant.   The plants in pots and fertilized loam remaining on the premises were not of the nature of fixtures, but movable property which the florist had the same right to sell as was

his admitted right to sell the hot house plants. The stock plants, which though matured had not been severed from the soil, were emblements which the tenant, or his vendee, had the right to remove during the term, or within a reasonable time after its termination. *Davis* v. *Thompson*, 13 Maine, 209; *Cutler* v. *Pope*, 13 Maine, 377. As to this class of property the case is to be distinguished from *Bryant* v. *Pennell*, 61 Maine, 108, where the mortgage included plants and shrubs, and it was there held that the cuttings passed to the mortgagee by accession; but these plants were a new acquisition of property, having no relation to any class existing at the time the mortgage was given, and belonged to the tenant as the fruits of his industry. *Cannon* v. *Matthews*, 75 Ark. 336. According to these views the case should have been submitted to the jury; directing a verdict for the defendant was error prejudicial to the plaintiff.

*Exceptions sustained.*