## HUGHES v. MILBY & DOW COAL & MINING CO.

No. 17690. Opinion Filed Sept. 20, 1927.

(Syllabus.)

1. **Forcible Entry and Detainer—Right of Action Against Tenant by Coal Mining Company Operating Under Lease of Indian Land and Certificate of Purchase of Surface of Land.**

Where a party corporation, being the owner of a building erected and located upon lands which it holds a mining lease on and a certificate of purchase thereon to the surface of such lands, upon which certificate a patent to said lands may be obtained upon payment of the full purchase price, is in possession of said lands, and has rented such building to another, its employee, at and for a stipulated monthly rental, held, that the owner of such building may and has the right to maintain an action, and the court has jurisdiction thereof, under the provisions of chapter 4, article 12, C. O. S. 1921, forcible entry and detainer act, to recover possession of such building upon nonpayment of rent or upon termination of lease.

2. **Same—Judgment for Plaintiff Sustained.**

Record examined; held, to sustain judgment of the trial court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Milby & Dow Coal & Mining Company against Charles Hughes, under forcible entry and detainer act, to recover possession of dwelling. Judgment for plaintiff, and defendant appeals. Affirmed.

E. C. Marinelli, for plaintiff in error.

W. H. Fuller, Geo. M. Porter, and John L. Fuller, for defendant in error.

LEACH, C. This action originated in the justice of the peace court in Pittsburg county, being one of forcible entry and detainer brought by Milby & Dow Coal & Mining Company, as plaintiff, to recover from defendant, Charles Hughes, as is described in plaintiff's complaint, "* * * possession of the following described premises, to wit: Milby & Dow Coal & Mining Company, House No. 145 in the town of Dow (Dow Camp) Pittsburg county, state of Oklahoma."

Parties herein will be referred to as they appeared in the lower court.

Plaintiff was successful and judgment entered in its favor in the justice court, from which the defendant appealed to the district court, and thereafter on trial de novo in the district court judgment was again rendered in favor of the plaintiff against defendant, and defendant below appealed, and now appears in this court as plaintiff in error.

Defendant below, plaintiff in error, sets up in his petition in error seven assignments of error, assignment No. 7 being:

"That the said court erred in assuming and exercising jurisdiction in the subject-matter of this action through forcible entry and detainer"

—which assignment, we think, sets out the main contention of the defendant.

Brief and argument of plaintiff in error is largely devoted in support of the contention that the property involved in this action was personal property, and that the plaintiff resorted to the wrong form of action; that such property in question is recoverable only through writ of replevin; that the trial court had no jurisdiction of the subject-matter and action in question.

The record and evidence discloses and

shows that the plaintiff, Milby & Dow Coal & Mining Company, rented to the defendant, Charles Hughes, the property or premises in question at and for a monthly rental of $6 per month; that the plaintiff erected and owned the house in question; that it, the plaintiff, held and had a mining lease upon the lands on which the house was located, and under various acts of Congress of June 28, 1898, being an act for the protection of the people of the Indian Territory, and for other purposes, 30 Stat. 495; Act of April 24, 1904, 33 Stat. 189, and an Act of February 8, 1918, an act providing for the sale of coal and asphalt deposits, Congress by appropriate legislation and wording recognized the right of the plaintiff to use and reserve such part of the surface of the land upon which it held a lease as was necessary for use of miners' houses, coke ovens, store and supply buildings, and such other structures as generally are used in the production and shipment of coal and coke.

That since the year 1918, the plaintiff company had collected and received rents on the surface on which its miners' houses were situated (C.-M., p. 68), such right being recognized by the government, exercised control of the land, and was clearly in possession of such premises. (C.-M., p. 38.) Collier v. Bartlett 71 Okla. 133, 175 Pac. 247.

It, the company, also had a certificate of purchase to the surface of the land upon which the house was located, such certificate of purchase being acquired under an act of Congress, issued by the Department of the Interior, under date of February 4, 1925, under which it had made two payments upon the purchase price of the land, and upon complying with the terms of the certificate of purchase would be entitled to patent to the surface of the land in question.

The evidence further shows that the defendant paid rents on the premises, or house, occupied by him in question, for some months; finally becoming delinquent to the amount and sum of $49, whereupon plaintiff caused to be served upon the defendant notice of termination of tenancy, and thereafter notice to vacate; such notices (C.-M., pp. 79 and 80) containing in part the following wording:

"You are hereby notified that you have failed to pay rent when due on the house and premises now occupied by you in the town of Dow, being generally known as house No. 145, which you are renting from the undersigned, and that there is now due and payable as back rent the sum of $49."

Further quotation from the other notice:

"* * * You are hereby notified to quit and leave and deliver up to me at once the premises described as follows: Milby & Dow Coal & Mining Company, House No. 145 in the town of Dow, Pittsburg county, Okla., now occupied by you," etc.

Defendant admitted that he rented the house from the plaintiff, but in order to get possession of the same purchased from some previous occupant, a renter thereof, a fence and chicken house that had been erected on the land by such previous occupant.

The basis of the jurisdiction of the justice of the peace to entertain this cause of action was founded on section 1048, C. O. S. 1921, which reads as follows:

"Power of Justice in Certain Cases. Any justice, within his proper county, shall have power to inquire, in the manner hereinafter directed, as well against those who make unlawful and forcible entry into lands and tenements, and detain the same, as against those who, having a lawful and peaceable entry into land or tenements, unlawfully and by force hold the same, and if it be found, upon such injuiry, that an unlawful and forcible entry has been made, and that the same lands and tenements are held unlawfully, then said justice shall cause the party complaining to have restitution thereof."

From the evidence and record it is shown that the plaintiff, the company, had and held under certificate of purchase, at least equitable title to the surface of the land upon which the house was located, and a mining lease on the lands. Even though it held no such equitable title, we see no reason why it cannot maintain this action under the provisions of section 1048, C. O. S. 1921, supra, in that the statute refers to "tenements" as well as lands.

Bouvier's Law Dictionary, vol. 2, p. 1107, defines "Tenements":

"Everything of a permanent nature which may be holden. House, or homestead, Rooms let in houses," etc.

"Property held by a tenant." Marment Co. v. Archibald, 37 W. Va. 778, 17 S. E. 299.

"The word 'tenement' in its most extensive signification 'comprehends everything which may be holden, provided it be of a permanent nature. In a more restricted sense, it is a house or dwelling'." Oskaloosa Water Co. v. Board, 51 N. W. 18, 84 Iowa, 407, -5 L. R. A. 296.

The evidence shows that the relation of landlord and tenant arose and existed between plaintiff and defendant. No defense is made or asserted except the claim that the house occupied by the defendant was personal property, and therefore the plain-

tiff could not recover possession thereof under the Forcible Entry and Detainer Act. Defendant proved and, calls attention to the fact that the plaintiff company had listed for taxation the particular house, with many others, owned by it, as personal property, and contends that by reason of such act defendant is supported in his contention.

We see no good reason, and no authority is cited to the contrary, why or upon what ground the plaintiff here should be estopped from recovering in this action merely because the house occupied by defendant had been listed for taxation purposes as personal property. The cases cited by defendant laying down the rule that a house may be recoverable under a writ of replevin are not applicable to the case at bar, in that the facts in those cases do not show that they arose out of the relation of landlord and tenant, or are dissimilar otherwise. Conditions might arise whereby an action in replevin would be proper rather than under Forcible Entry and Detainer Act, but in the case at bar we find the record and evidence amply sufficient to support the judgment in favor of plaintiff.

This court in a well considered opinion, and in a case in which the facts do not appear to us as favorable to the plaintiff as in the case at bar, has heretofore held and decided adversely to the contentions of the defendant here. In that case, Poulson v. Parsons, 23 Okla. 779, 104 Pac. 336, the court in the first paragraph of the syllabus said:

"Forcible Entry and Detainer—Jurisdiction—'Tenement.' A house, built upon land to which the owner has no title, but in which he claims and enjoys the right of peaceable possession, occupied by a tenant, is a 'tenement' as that word is used in section 159, art. 13, c. 67 (paragraph 5086), Wilson's Rev. & Ann. St. Okla. 1903"

—and sustained the judgment of the lower court in favor of plaintiff for possession of the house.

We agree with the rule laid down in the above case and find no reason to now decide otherwise.

For the reasons herein stated, the judgment of the lower court should be and is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 831, §67; p. 842, §91. (2) 4 C. J. p. 1129, §3122.