THE DISTRICT TOWNSHIP OF CORWIN V. MOOREHEAD.

1. **Statute of Frauds**: PAROL LEASE: CONTRACT. A school-house was erected under an agreement with the owner of the land upon which it was placed that the district should have free use of the land as long as the school-house should remain thereon: *Held*, that the contract was not within the statute of frauds.

2. **Fixtures**: BUILDING ERECTED ON LAND OF ANOTHER. A building erected upon the land of another with the consent of the land-owner, with the builders' own means and for his own use, as disconnected from the use of the land, will be treated between the parties as personal property.

3. ————: ————: REPLEVIN. An action of replevin will lie, at the instance of the owner, for the recovery of the possession of such a building from the land owner.

*Appeal from the Ida Circuit Court.*

MONDAY, JUNE 12.

IT is alleged in the petition that in the year 1860 plaintiff, with the consent of the defendant, built a frame school-house one story high, on land then and now owned by defendant; that it was agreed by the members of the board of directors of said district township and the defendant, that plaintiff should have free use of a sufficient amount of said land for the said school-house to stand upon, and for school-house purposes, so long as the said district township should "let the said school-house remain on said land;" that said house is of the value of $300; that in March, 1873, defendant wrongfully took possession of said house and still holds the same; that said property was neither taken on the order or judgment of a court against the plaintiff, nor under an execution or attachment against said property; that the alleged cause of detention is that defendant intends to profit thereby; that plaintiff is entitled to the immediate possession of said property, and has sustained damages by reason of the unlawful detention in the sum of $100. Plaintiff asks a judgment for the recovery of the possession of said property, or for the value thereof if the same cannot be found, and for damages and costs. The

defendant demurred to the petition, alleging the following causes therefor:

1. It appears that the suit is brought to recover possession of a school-house situated on certain land in said county.

2. That so far as appears from the averments of the petition, the said house is a part of the realty, and no action lies to recover possession thereof independent of the rights of the defendant in the realty upon which it is situated.

3. An action to recover the possession of the house as personal property does not lie.

4. There are no facts set out in the petition showing the plaintiff to be entitled to possession; the only right being under an oral lease, good for but one year.

The demurrer was sustained and cause dismissed and plaintiff excepted and appeals.

*Gray & Nicholson*, for appellant.

A party has a right, under a parol permission from the owner of land, to erect a building thereon and remove the same at any time before or within a reasonable time after the revocation of the license; such an agreement does not become a lease within the statute of frauds; the house is a mere chattel and the owner of it has the right to the possession. (Bingham on Ex. Con., pp. 77–9, 215, 217, 232–3–4; 1 Washb. on Real Prop., 418.) A license is an authority to do a particular act or series of acts upon another's lands, without possessing any estate therein and the statute of frauds does not apply. (1 Washb., 412–3.)

*Joy & Wright*, for appellee.

Under plaintiff's theory, replevin will not lie unless the building has been removed or was being removed. (*Cong. Soc. v. Fleming*, 11 Iowa, 533; *Cresson v. Stout*, 17 Johns., 116.) Plaintiff's interest in the land is a lease hold interest and being an oral lease, was good for but one year. (*Cook v. Stearns*, 11 Mass., 533; Browne on Fraud, § 25; *Crawford & Murray v. Wick*, 18 Ohio St., 202; *Houghtaling v. Thomp-*

*son*, 5 Barb., 376; *Prindle v. Anderson*, 19 Wend., 391; *Miller v. A. & S. R. Co.*, 6 Hill, 61; *Phillips v. Thompson*, 1 Johns. Ch., 143.)

ROTHROCK, J.—I.   The plaintiff makes no claim to an interest in the land, but insists that the building of the school-house on defendant's land, under the agreement set up in the petition, was a mere oral license, and that the house is not a part of the realty, but a chattel, subject to be removed at the will of the plaintiff. The defendant insists that the house is a part of the real estate, not the subject of replevin, and that the contract set out in the petition is an oral lease good for only one year.   Under the allegations of this petition it is not necessary to determine whether this be a mere license or an oral lease.   If it be a mere license it is not within the statute of frauds.   Kent's Commentaries, Vol. 3, 557, 558, and authorities there cited.

*1. STATUTE OF frauds: parol lease: contract.*

The fourth sub-division of Section 4007, Revision, under which this contract was made, provides that evidence of contracts for the creation or transfer of any interest in lands, excepting leases for a term not exceeding one year, must be in writing, signed by the party to be charged.   Section 4008 provides that the provisions of the fourth sub-division of the preceding section do not apply "when the purchase money or any portion thereof has been received by the vendor, or when the *vendee with the actual or implied consent of the vendor has taken and held possession thereof under and by virtue of the contract.*"

It will thus be seen that as possession was taken under the agreement with the consent of the defendant, the case as made in the petition is not within the statute of frauds, even conceding that the contract created an interest in lands.

II.   The petition avers that the plaintiff was to have the use of the necessary land so long as the district township "let the school-house remain on the land."   This right of removal fixes the character of the property as between these parties.   Although it is a general principle of law that a building permanently annexed to the

*2. FIXTURES: building erected on land of another.*

freehold becomes a part of it, and is real estate; yet if it is erected by the builder with his own money, and for his own exclusive use, as disconnected from the use of the land, and with an agreement to that effect between the owner of the land and the builder, it will, as between the parties, be considered personal property. *Curtis v. Hoyt*, 19 Conn., 154; *Fuller v. Taylor*, 39 Maine, 519; Hill on Fixtures, 18; 2 American Leading Cases, 693, *et seq.;* and see *Wilgus & Ewing v. Gettings & Giddings*, 21 Iowa, 177. Especially is this true where as in the case before us the very contract by which the building was erected contemplated its removal.

III. The remaining question is, will an action in the nature of replevin lie for the recovery of the possession of the house. 

3. ——: ——: We have seen that, as between these parties under replevin. this contract, the house in question is a mere chattel. It may remain on the land until the contract shall be terminated by its removal or in some other proper manner, and it will still be a chattel. The action for the recovery of specific personal property provided by the Code, Sec. 3225, includes all personal property as distinguished from real estate. The petition in this case contains all the allegations necessary under said section and those following, providing for the recovery of personal property, and in our opinion the demurrer should have been overruled. It is no objection to the form of this action that the property is ponderous and incapable of manual delivery to the plaintiff, in execution of the writ. The law determines what is a sufficient delivery of property of this character as between these parties. It being personal property, the action of replevin will lie.

REVERSED.