FRANK JONES, Appellant, v. CALVIN COOLEY.

**Vendor and Purchaser:** FIXTURES. A purchaser of land is not enti-
tled to an injunction restraining a third person from removing a
fence inclosing the land, where the fence was erected by the
latter under an agreement with the vendor permitting its removal,
and the purchaser knew of such agreement at the time he paid
the purchase money.

*Appeal from Clarke District Court.*—HON. W. H. TEDFORD,. Judge.

THURSDAY, OCTOBER 6, 1898.

PLAINTIFF, the owner of a certain tract of land, brought this action to enjoin the defendant from removing the fence enclosing the same. Defendants answered, claiming that, under the terms of a written lease from the former owner of the land to him, he was the owner of the fence and had a right to remove it. In an amendment to his answer he alleged that plaintiff had converted the fence to his own use; that it was. of the value of one hundred dollars, for which he asked judgment; that "this amendment is filed by leave of court and by consent of parties, in order that an adjustment of the whole dispute may be had." Judgment was rendered in favor of the defendant for one hundred dollars. Plaintiff appeals.— *Affirmed.*

*John Chaney* and *W. S. Hedrick* for appellant.

*Temple & Hardinger* for appellee.

GIVEN, J.—I. The defendant leased the land, then wild and unimproved, from the owner, William Stricker, for five years from March 1, 1886, under a written contract which provided that defendant should pay the taxes for the use of the same, "and to build a good and substantial fence enclosing said land, and at the end of his lease the said William Stricker should have the option of purchasing the· said fence at its reasonable value, and, if he elected not to· purchase the same, then the defendant was to have the privilege of removing the same, the fence to remain his property· until purchased by said Stricker." William Stricker died testate, his will providing for the sale of the land by his. executor. About the twenty-seventh day of March, 1891, an agreement was concluded between the plaintiff and the·

executor by which plaintiff purchased the land for four thousand six hundred dollars, he also agreeing to pay eighteen dollars and twenty-one cents taxes then due for the previous year, and which taxes the plaintiff then paid.  This action was commenced on the seventeenth day of April, 1891, and in September following the four thousand six hundred dollars was paid.  Defendant fenced the land and paid the taxes as he had agreed to do, and continued to occupy the land under the contract up to the time the plaintiff purchased it.  There is a conflict in the evidence as to whether plaintiff knew of the defendant's claim to the fence at the time he made the contract of purchase.  We think the weight of the evidence is in favor of the conclusion that he did have such knowledge, but, be that as it may, it is clear that he had that knowledge before he paid the four thousand six hundred dollars, as this action was commenced April 17, 1891.

II.   By the contract the fence was to remain the property of defendant, with the privilege of removing the same, "until purchased by said Stricker."  Stricker did not purchase it; hence the ownership and right of removal remained in the defendant.  Plaintiff did know of defendant's ownership of the fence and his right to remove it when he paid the four thousand six hundred dollars, and could have protected himself to the extent of the value of the fence at that time, if, under his contract of purchase, he was entitled to do so.   The judgment of the district court is correct, and is AFFIRMED.