JANE McCARTHY, Appellant, v. GEORGE TRUMACHER.

**Landlord and Tenant:** REMOVAL OF IMPROVEMENTS. The execution of a new lease, providing that the tenant should deliver the premises in as good condition as they were then in, does not deprive him of a right granted under a prior lease to remove improvements erected by him with the knowledge and consent of the lessor and which were removable without material injury to the realty; the occupancy being continuous under both leases.

*Appeal from Plymouth District Court.*—HON. JOHN F. OLIVER, Judge.

WEDNESDAY, MAY 10, 1899.

Action to recover rent and for damages caused by the removal of outbuildings and fences taken by defendant. The action was brought originally in a justice court. Upon hearing there had, there was a judgment for defendant. Plaintiff appealed, and the cause was tried in the district court, the result again being in defendant's favor. It comes to this court, through plaintiff's appeal, on certain questions certified by the district court, to which we shall more specifically refer hereafter.—*Affirmed.*

*J. J. Gibbon* and *I. S. Struble* for appellant.

*Zink & Roseberry* for appellee.

WATERMAN, J.—Defendant leased a tract of land from plaintiff, by oral agreement, for the year ending March 1, 1893, with the privilege of renewal. It was part of this agreement that defendant should have the right, when his tenancy ceased, to remove from the premises any and all improvements which he should make for his own convenience. During his occupancy, defendant, with the knowledge and assent of plaintiff, placed on the leased premises the property which is the subject of this action. Thereafter defendant took from plaintiff a written lease containing this provision: "That he [defendant] will deliver up said premises at the end of said term in as good order and condition as the same are now in, or may be put in by said lessor, reasonable use and wear thereof, accident by fire, and other casualties, happening without fault of the lessee, excepted." The occupancy of the tenant under the different leases was continuous. The removal of the improvements was made about the time the tenancy ceased, and without material injury to the real estate. This statement of the facts as recited in the certificate of the trial judge will suffice to an understanding of the questions submitted, which are as follows: "(1) Did the improvements in question, by virtue of the parol agreement aforesaid, become and remain

the personal property of the tenant after the execution of the written lease, notwithstanding the agreement contained therein, and hereinabove quoted? (2) Did the defendant, by signing the written lease without reserving therein the right to remove such improvements, become estopped from removing them after March 1, 1896, without the consent of the landlord? (3) Could the tenant, by virtue of the previous parol lease, and the aforesaid parol agreement as to improvements, without the consent of the landlord, legally remove and carry away said improvements, notwithstanding the terms of the written lease above stated, without being liable to the landlord for the reasonable value of the materials of which said improvements were made?"

The rule established at law is that if a tenant, during his term, has made improvements on the leased premises which would be deemed a part of the realty as between grantor and grantee, and at the end of his term surrenders possession to the landlord without removing such fixtures, the title thereof vests in the latter. The greater number of cases hold that the taking of a new lease which contains no agreement as to the fixtures operates as a surrender, and deprives the tenant of his right of removal. *Carlin v. Ritter,* 68 Md. 478 (13 Atl. Rep. 370); *Hedderick v. Smith,* 103 Ind. Sup. 203 (2 N. E. Rep. 315); *Sanitary Dist. v. Cook,* 169 Ill. Sup. 184 (48 N. E. Rep. 461); Taylor Landlord & Tenant, section 552. There are, however, some well considered cases opposed to this doctrine. See *Kerr v. Kingsbury,* 39 Mich. 150; *Second National Bank v. Merrill Co.,* 69 Wis. 501 (34 N. W. Rep. 516). But we are not requirel to decide this question. In the case at bar, by express agreement between the landlord and the tenant, these improvements were determined to be chattel property, with a right of removal in the tenant. *Corwin Dist. Tp. v. Moorhead,* 43 Iowa, 466; *Mickle v. Douglas,* 75 Iowa, 78. When the written lease was executed, it covered only the realty. It no more included those chattels than any other personal property belonging

to the tenant, and upon the demised premises at the time. By taking the new lease the tenant's rights to any personal property belonging to him were neither lost nor in anywise affected. This view has direct support in *Wright v. Macdonell,* 88 Tex. Sup. 140 (30 S. W. Rep. 907).

It is manifest from what we have said that the first and third interrogatories propounded should have been answered in the affirmative, and the other in the negative.—AFFIRMED.