THE UNION TERMINAL COMPANY, Appellant, v. WILMAR AND SIOUX FALLS RAILWAY COMPANY, *et al.*

**Trade Fixtures:** RAILROAD REPAIR SHOP: *Removal.* A railway company leased its property to another railway company, and thereafter mortgaged it including the lease to a trust company. After the execution of this mortgage the lessee built

a repair shop, which it always regarded as a trade fixture, on the leased premises, consisting of a frame building on a brick foundation. Thereafter both companies went into the hands of receivers, and still later the trust company commenced forclosure proceedings. After decree of foreclosure, but before sale, the repair shop was burned, and the lessees receivers, with the proceeds of an insurance policy taken out by the lessee erected another. *Held*, that the purchaser of the lessee's properties from its receivers took title to the new repair shop, as against purchasers at the mortgage sale of the land on which it was built, and had a right to remove it.

FAILURE TO REMOVE BEFORE TERMINATION OF TENANCY. A railroad company after leasing its property to another company, mortgaged it to a trust company, and thereafter the lessee built a trade fixture known as a "repair shop" on the leased premises. Both companies then went into the hands of receivers, thus terminating the lease, but the receivers of the lessee remained in possession as tenants of the receivers of the lessor. Foreclosure proceedings were then commenced, and after decree but before sale, the repair shop was burned, and the lessee's receivers, as tenants, rebuilt the shop. Thereafter plaintiff bought the lessor's property at the mortgage sale, and defendant bought the lessee's property from its receivers. *Held*, that failure of the lessee to remove its shop during the existence of the original lease did not deprive defendant of the right to remove the new one; it having been erected during the lessee's receivers' tenancy, and the property having been in the hands of the court from the time of the master's sale terminating such tenancy.

ESTOPPEL. One railway leased its property to another railway company, and thereafter mortgaged it, including the lease to a trust company. The lessee thereafter went into the hands of receivers who sold all its property to defendants, the trust company having in the meantime commenced foreclosure proceedings. After decree of foreclosure against the lessor, but before sale, the lessee erected a trade fixture known as a "repair shop" on the leased premises, which plaintiff claimed under the mortgage sale of the lessor's property. *Held*, that, defendants and their assignors having always been in possession of the shop, the mere fact that plaintiff purchased the real estate on which it was situated did not estop defendant from claiming it.

SAME: *Foreclosure sale.* Though the lessee company was a party to a foreclosure suit, the repair shop having been built after

3   the decree, though before sale, and the ownership of the shop not having been adjudicated, the sale alone could not estop defendant from claiming such shop.

**Review on Appeal:**   REFUSAL TO ALLOW CROSS-EXAMINATION OF AFFI-ANTS:   *Motion to modify instructions.* The right to cross-examine affiants, whose affidavits were offered in support of a motion to modify an injunction, is within the discretion of the trial court, and its denial will not be reviewed.

*Appeal from Woodbury District Court.*—HON. JOHN F. OLI-VER, Judge.

SATURDAY, APRIL 12, 1902.

THIS is an appeal from an order modifying a temporary writ of injunction which released from the operation of the writ a part of the property covered by a decree of foreclosure. —*Affirmed.*

*R. H. Brown* for appellant.

*Wright, Call & Hubbard* for appellees.

DEEMER, J.—The Sioux City Terminal Railway & Warehouse Company in the year 1889 leased its property to the Sioux City & Northern Railway Company for the period of 100 years, and in January of the year 1890 mortgaged the same to the Trust Company of North America. This mortgage also covered the lease of the Sioux City & Northern Company. In 1893 the latter company failed, and thereafter the terminal company also failed, and the property of each passed into the hands of receivers appointed by the federal court. In 1898 the receivers built the repair shop in question on the site of one that had previously, and during the same year, been destroyed by fire. The trial court was justified in finding that the original shop had been erected by the Sioux City & Northern Company after the mortgage to the trust company. In 1895 the trust company foreclosed its mortgage against the terminal com-

pany, and, about one year after the present building was erected, there was a master's sale of the property under the foreclosure, at which the trust company became the purchaser. In 1900 the trust company conveyed the property purchased by it to the plaintiff, the Union Terminal Railway Company. The defendant purchased all the property and assets of the Sioux City & Northern Company from the receivers, so that the plaintiff stands in the shoes of the old terminal company, and the defendant in those of the Sioux City & Northern Company as lessee. The original repair shop was a large frame building on a brick foundation erected by the Sioux City & Northern Railway Company to expedite its business. The receivers built the present one on the same site, probably from insurance money received by them on the old building—the policy having been taken out by the Northern Company—but it was always regarded by them as a trade fixture. Shortly before the commencement of this suit, defendant was proceeding to remove part of the buildings and other improvements, including this repair shop, from the premises, and plaintiff brought this action to restrain it from so doing. A writ was issued as prayed, which was subsequently modified so as not to cover the repair shop. The appeal is from this modification order.

Plaintiff contends that the shop was a part of the property purchased by it from the trust company, while defendants say that it was erected by the Northern Company originally as a trade fixture, and when rebuilt by the receivers that it was not intended that it should become a part of the real estate, but was erected and used by them as a trade fixture, and passed to the defendants as assignees of the Northern Company's lease and the transfer made by the receivers. As the trial court was justified in finding that the receivers erected the building out of the funds received by them from the proceeds of the policy of insurance held by the Northern Company on this shop, or with

other funds belonging to the original lessees, and that it was erected as a trade fixture, its order modifying the injunction should be .sustained, unless it be for some of the matters to which we will now refer.

Plaintiff contends that defendant is estopped by conduct and by the record in the foreclosure proceedings from claiming the property. This claim is without merit. Defendant and its grantors and assignors were at all times in possession of the property in question, and claiming a right thereto, as a trade fixture. The mere fact that plaintiff became the purchaser of the real estate on which the shop was situated, is not sufficient to support the plea of estoppel, for defendants or their assignors were at all times in possession of the premises, claiming the repair shop as a trade fixture. The building was erected after the decree of foreclosure was rendered, but before the master's sale; but it is the decree and not the sale, which operates as the estoppel. Hence, although the Northern Company was made a party to the foreclosure, that decree did not and could not adjudicate the question as to the ownership of property erected after the decree was rendered.

The next point made by plaintiff is that the original lease was forfeited, and that, as the lessee did not remove the property during the continuance of the lease, it cannot claim title thereto as a fixture. True, the original lea was terminated in 1889, but the building was erected under an arrangement made in 1896, whereby the rec vers continued in the possession of the property as tenants til the master's sale in 1899; and from the last-named d until the beginning of this suit, either the relation of lan lord and tenant existed between the parties, or the property was in *custodia legis* pursuant to the orders of the federal court. · So that it appears the building was· erected by tenants or receivers after the decree of foreclosure was entered, and this right or tenancy had not expired when this action was brought.

Plaintiff contends, however, that the renewal of the lease terminated the right to remove fixtures erected during the original term. This seems to be the rule in some states, but we have not as yet adopted it in this jurisdiction. See *McCarthy v. Trumacher*, 108 Iowa, 284. And it is not necessary to decide the proposition in order to dispose of this controversy.

Appellant asked time, when the case was called for hearing, to produce evidence, and also asked that the parties who had made affidavits for appellee in support of the motion to modify be called for cross-examination. The testimony that it was sought to have time to produce was not material to the controversy, and the order denying the right of cross-examination was discretionary. We see no reason to interfere on either ground. Finally, the trial court was vested with a large discretion in the matter in controversy, and the case is not one justifying our interference. *Fuson v. Insurance Co.*, 53 Iowa, 609.

The testimony is conflicting, the necessary findings to support the modification order have sufficient support and, the order is therefore AFFIRMED.