P. DALY, Appellant, v. OLAF SIMONSON, Appellee.

**Pleadings:** AMENDMENT: DISCRETION OF COURT. In an action to restrain the removal of fixtures by a tenant, it was not an abuse of discretion to strike from defendant's amended answer allegations alleging a new cause of action for conversion of the

fixtures, by way of a counterclaim, so far as the same asked for affirmative relief, and permitting it to stand as to the defensive matter.

**Landlord and tenant: REFORMATION OF INSTRUMENTS.** Where a lessor, in preparing a lease, takes advantage of his tenant's ignorance and confidence in him, and omits a provision authorizing the tenant to remove improvements placed on the premises by him, equity will reform the instrument.

**Right of tenant to improvements.** Where improvements were placed on land by a tenant under a lease authorizing him to remove the same, the tenant did not lose his right thereto by taking a lease from a subsequent purchaser while in possession, which failed to reserve the same.

**Costs.** Where the merits of a controversy are found against a plaintiff, the defendant is entitled to full costs, though during the trial he disclaimed any interest in a portion of the property in controversy.

*Appeal from Webster District Court.*— HON. W. D. EVANS, Judge.

WEDNESDAY, MARCH 8, 1905.

ACTION in equity to restrain defendant from removing certain fixtures from land owned by plaintiff. A temporary writ of injunction was issued as prayed. Thereafter defendant answered, claiming that he was the owner of the fixtures; that they were erected by him as a tenant, and were removable. He amended his answer by pleading a mistake in his lease of the land from plaintiff, and asked for a reformation thereof. Plaintiff denied the alleged mistake, and pleaded that he was the owner of the fixtures. Defendant thereupon pleaded a counterclaim against the plaintiff for the conversion of the fixtures. To this plaintiff interposed a motion to strike, which was sustained in so far as to eliminate the prayer for judgment. On the issues joined the case was tried to the court, resulting in a decree dismissing plaintiff's petition, and a finding that defendant was the owner of the fixtures in dispute. The temporary writ of

injunction was dissolved, and the costs of the case taxed to the plaintiff.  Plaintiff appeals.— *Affirmed.*

*Mitchell & Hackler,* for appellant.

*Farrell & Price,* for appellee.

DEEMER, J.— Defendant obtained possession of the land upon which the improvements were placed through a lease from the then owner thereof, the Webster Coal & Land Com-

1. PLEADINGS: amendment; discretion of court.

pany, which provided that he should build the fences and buildings necessary for his own convenience, or required by law, " having the right to remove the same at the termination of the lease."  This lease, or some of the renewals thereof, expired March 1, 1901.  While defendant was in possession of the land under his lease, of which the last was a renewal, he made various improvements upon the place.  Some time in the year 1900 plaintiff purchased the land from the Webster Coal & Land Company by warranty deed, which contained the following: " This conveyance being subject to the following leases:  A lease to Olaf Simonson, dated Oct. 4th, 1899," etc.  The lease to Simonson was also turned over to plaintiff.

After plaintiff received his deed, he leased the premises to the defendant for the period of one year from and after March 1, 1901.  This lease was made by plaintiff and one Butler, and it did not expressly give the defendant the right to place improvements upon the land, or to remove any such from the premises; but did provide that the lessee should protect the buildings, fences, and improvements, and that he should keep the same in repair.  Defendant contends that this lease should have contained a provision permitting him to make improvements and to remove the same from the land, and also reserving from the operation thereof all improvements theretofore placed by him upon the land; and that through mistake and oversight this clause was omitted, and he asked that the instrument be reformed ac-

cordingly.   The improvements in question were placed upon the land by the defendant during the term of his leases from the coal and land company, and were, as against that company, removable in character.   The amendment to the answer which plaintiff moved to strike, pleading a counter-claim for conversion, was stricken in so far as it asked for affirmative relief, but was permitted to stand in so far as it pleaded defensive matter.   This defensive matter was really pleaded in prior answers filed by defendant; but, even if this were not true, and additional matters were therein pleaded, the trial court, in its discretion, might permit the same to stand.   *Newman v. Ins. Co.,* 76 Iowa, 56; *Phœnix Ins. Co. v. Dankwardt,* 47 Iowa, 432; *Jones v. Cooley,* 106 Iowa, 165.

II.   The testimony as to the alleged mistake in the lease was sufficient to justify the trial court in decreeing its reformation.   Defendant could neither read nor write.

2. LANDLORD AND TENANT: reformation of instruments.

He had great confidence in plaintiff, and for more than ten years had advised and counseled with him in all business matters in which he was interested.   He relied upon plaintiff's preparing a lease which would fully represent their previous negotiations. There is no doubt that both understood defendant should have the right to remove all improvements by him placed upon the land prior to the time plaintiff acquired title thereto.   By mistake this lease did not express their agreement, and it should be reformed so as to do so.   It may be that plaintiff labored under no mistake in having the lease prepared as he did, but he knew what defendant understood its terms were to be, and took advantage of his relations with the defendant to obtain a more favorable contract than he was entitled to.   In such cases equity will afford relief. *Williams v. Hamilton,* 104 Iowa, 425.

Plaintiff is not an innocent purchaser of the land. Defendant was in possession of the premises, at the time he (plaintiff) purchased, under leases from the coal and land company, each of which contained the provisions we

have quoted with reference to improvements. His lease
to defendant was practically a renewal of the
leases theretofore executed by the coal and
land company. True, this last lease did not
contain any reservations or exceptions; but it did not cover
anything aside from the land and its proper fixtures. It
surely did not deprive defendant of his property. Of
course, a tenant must ordinarily remove fixtures and im-
provements, at least within a reasonable time after the ex-
piration of `his lease. *Mickle v. Douglas,* 75 Iowa, 78.
There are some cases which seem to hold that, if a tenant
takes a renewal lease which contains no reservations, he by
that act surrenders his right to removal of the fixtures placed
by him upon the land during the term created by the prior
lease. But we have not followed that rule. *McCarthy v.
Trumacher,* 108 Iowa, 284; *Union Co. v. Willmar,* 116
Iowa, 392. When the improvements were erected in this
case, they, by express agreement between landlord and ten-
ant, were personal property; and by taking the lease from
plaintiff defendant did not surrender his claim thereto. See
*McCarthy Case,* supra, and the following: *Kerr v. Kings-
bury,* 39 Mich. 152 (33 Am. Rep. 362); *Bank v. Merrill,*
69 Wis. 501 (34 N. W. Rep. 514); *Fischer v. Johnson,* 106
Iowa, 182 (76 N. W. Rep. 658); *Wright v. MacDonell,* 88
Tex. Sup. 140 (30 S. W. Rep. 907). So that, even if the
lease from plaintiff and Butler to defendant be not reformed,
we do not think defendant lost his title to the personal
property.

III. Lastly, it is argued that the court was in error
in not apportioning the costs. This is based on the prop-
osition that during the trial defendant disclaimed any in-
terest in and to part of the property,
and that as to that part plaintiff was
successful. Taking the entire record, we think it
satisfactorily appears that the only real controversy
was over fixtures which defendant had the right to remove,

*Marginal notes:*
3. RIGHT OF TENANT TO IMPROVEMENTS.

4. COSTS.

and that on the issue of reformation alone defendant was entitled to have all the costs taxed to the plaintiff. The merits were found against the plaintiff, and he should pay the costs. *Tredway v. McDonald*, 51 Iowa, 663. At any rate, we are not justified in disturbing the order of the trial court with reference thereto.

The decree is correct, and in all respects it is *affirmed*.