CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant,
v. TOWN OF REINBECK, Appellee.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessments—
Personal Property Not Assessable. Only real estate is assessable
for a municipal pavement. In other words, in determining the
value of a tract of land in order to fix an assessment as high as
one fourth of the actual value, the value of buildings and other
improvements *belonging solely to lessees* must be excluded.

Headnote 1: 28 Cyc. pp. 1115, 1152.

*Appeal from Grundy District Court.*—H. B. BOIES, Judge.

JANUARY 12, 1926.

APPEAL from a paving assessment made by the defendant
town against the property of plaintiff. From the refusal of the
district court to lower the assessment, plaintiff appeals.—*Modi-
fied and affirmed.*

*J. G. Gamble, A. B. Howland,* and *Rogers & Ruppelt,* for
appellant.

*Sherman De Wolf* and *Pickett, Swisher & Farwell,* for ap-
pellee.

DE GRAFF, C. J.—On account of certain paving improve-
ments in the town of Reinbeck, assessments were returned
against the property of the appellant. Four different pieces of
involved real estate are owned by appellant, designated in the
record as Lots A, B, C, and D. Tract A includes a depot and
the station grounds of the appellant. The other three tracts
are leased by appellant, as hereinafter explained. The assess-
ments returned by the town council were as follows: Tract A,
$7,442.46; Tract B, $1,476.53; Tract C, $923.25; Tract D, $1,154.
On the trial of the case in the district court, these assessments
were confirmed, with the exception of that on Tract D, which
was reduced to $750. On Lot D there is a frame building; on

Lot C there are no improvements; on Lot B a Standard Oil station; on Lot A, aside from the improvements of the railroad company, there are a produce house, a lumber shed, a coal shed, a lumber office, and a warehouse. The improvements are wholly owned by the lessees of the respective lots. Each and all of the lessees occupy said property under the same form of lease, which provides, in addition to a nominal rental, that either party may terminate the lease on thirty days' notice, and that, on the service of said notice, lessee shall remove all of his property from the lot described. Each lease also contains the provision that no improvements placed upon said premises by the lessee shall become a part of the realty, unless abandoned as aforesaid.

It is the claim of appellant that in each instance the assessment returned by the council and approved by the district court exceeded the statutory limitation provided for in Section 792-a, Supplement to the Code, 1913, which, so far as material, reads:

"When any city or town council or board of public works levies any special assessment for any public improvement against any lot or tract of land, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract at the time of levy, * * *"

It is conceded, or abundantly established by the evidence, that the assessments returned by the council against Lots B, C, and D cannot be sustained, as against this statute, unless the value of the improvements owned by the lessees of the respective lots is added to the value of the lots themselves. In other words, if we take the naked value of the lots themselves, without considering the improvement thereon, in each instance the assessment returned exceeds 25 per cent of such value. We therefore determine whether, in estimating this 25 per cent of the value of lots for the purpose of special assessment, the council is authorized to include therein the value of personal property on said lots. Are the improvements owned by the lessees to be considered as real property? This question seems to have been determined by us adversely to the claim of the appellee in *Fischer v. Johnson Lane & Co.*, 106 Iowa 181; *Union Term. Co.*

*v. Wilmar & S. F. R. Co.*, 116 Iowa 392; *Walton v. Wray*, 54 Iowa 531; *Mickle & Co. v. Douglas*, 75 Iowa 78. We have no hesitancy whatever, under this line of authority, in holding that improvements made by the lessees on the respective tracts are personal property. This, however, does not quite meet the situation. Are these improvements, although viewed as personal property owned by the respective lessees, nevertheless subject to assessment as against the owner of the real estate? The only Iowa case which seems to throw any light on this question is *Chicago, M. & St. P. R. Co. v. Phillips*, 111 Iowa 377, in which this court held that an assessment for sewer improvement could not be made against the personal property of a railroad company. A reading of the statute quoted supra leads to the inevitable conclusion that only real estate is subject to assessment. The statute says:

"Such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract at the time of levy."

It seems to have been the policy of the legislature of this state for many years to deal wholly with real estate in matters of this kind, and we find no legal sanction to enlarge this statute to make it include personal property.

Much testimony was introduced on both sides of this case as to the value of these respective tracts, and, as usual, the estimated values vary greatly. Of the witnesses on the part of appellee, five in number, three were councilmen who fixed the original assessment. Their testimony, therefore, can have little, if any, weight, because it amounts simply to a reiteration of what they decided when assessment was made. The other two witnesses for the appellee are residents of appellee town. The average values of these lots, as fixed by witnesses for appellee, exclusive of improvements, are: Lot B, $3,975; Lot C, $4,375; Lot D, $2,700. The appellant's five witnesses, four of whom are wholly disinterested, fix the values, exclusive of improvements, as follows: Lot B, $1,700; Lot C, $1,340; Lot D, $540.

It will be observed that, under the 25 per cent limitation of the statute, the largest amount that could be assessed, according to appellee's witnesses, is, Lot B, $994; Lot C, $1,094; Lot D, $675; whereas, under the testimony of the appellant's witnesses, the largest amount that could be assessed against Lot

B is $425, C, $360, and D, $135. It is quite apparent from the testimony of appellee's own witnesses that in any event the assessments returned against these three pieces of property respectively exceed the 25 per cent limitation. We must, therefore, reduce these assessments. While appellant has fixed a basis for reduction, we are not disposed to go the full limit thereof. As nearly as we are able to calculate from the evidence submitted to us, and in order that the assessments may be within the statutory limitation, we feel that they should be fixed as follows: Lot B, $800; Lot C, $700; Lot D, $500.

As to Lot A, the record is in such condition that we are not disposed to disturb the assessment. This lot, as heretofore explained, contains depot building and other buildings incident thereto. Appellant's evidence is so limited that we feel it does not give us a satisfactory basis on which to act. We are not unmindful of settled rule in this state that in fixing assessments the council is presumed to be correct. We also recognize that in matters of this kind mathematical accuracy is not attainable, but all must be satisfied by an approximation. However, when the evidence shows, as it does in this case, a violation of the statute, we must grant relief. The assessment against Lot A is confirmed, and as against Lots B, C, and D, the assessments are reduced, and fixed in the amounts above indicated. Costs are ordered taxed one fourth to appellant and three fourths to appellee.—*Modified and affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.